UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re Subpoena Issued to:*<br><br>PRETRIAL SERVICES AGENCY FOR THE DISTRICT OF COLUMBIA,<br><br><br>*In the Criminal Matter of:*<br><br>UNITED STATES OF AMERICA<br><br>          v.<br><br>KENNETH SANDERS,<br><br>          Defendant. | Misc. No. 24-0142 (TJK)<br><br>*on removal from*<br>No. 2021 CF3 003737 (D.C. Super. Ct.) |

**PRETRIAL SERVICES AGENCY'S OPPOSITION TO MOTION TO REMAND, OR IN THE ALTERNATIVE, ENFORCE THE SUBPOENA AND <u>CROSS-MOTION TO QUASH</u>**

**TABLE OF CONTENTS**

Table of Contents.................................................................................................................1

Background.........................................................................................................................2

Argument............................................................................................................................3

      I.      Defendant's Motion Fails in the Face of Overwhelming Authority Holding that Federal Agencies Are Immune from State Court Subpoenas................................3

      II.     The APA Does Not Waive Pretrial Services' Sovereign Immunity With Respect to Defendant's Subpoena.....................................................................................6

      III.    Defendant Should Not Be Permitted to Avoid His Obligations Under *Touhy*........7

Conclusion..........................................................................................................................9

Petitioner Pretrial Services Agency for the District of Columbia ("Pretrial Services") respectfully submits this combined opposition to the Motion to Remand, or in the Alternative, Enforce Subpoena filed by Defendant Kenneth Sanders (ECF No. 7, "Def.'s Mot."), and cross-motion to quash the subpoena removed to this Court in October 2024. Because Pretrial Services is immune from the requirement to comply with a subpoena issued in a District of Columbia local court proceeding, the Court should deny Defendant's motion to remand or enforce the subpoena and grant Pretrial Services' motion to quash the subpoena in its entirety.[1]

## BACKGROUND

On or about October 8, 2024, Pretrial Services received a subpoena issued pursuant to an ex parte order in D.C. Superior Court Criminal Case No. 2021 CF3 003737 (the "Underlying Case"). *See* Notice of Removal, Subpoena (ECF No. 1). Through the subpoena, the criminal defendant Kenneth Sanders, seeks "any and all medical, mental health or substance abuse and/or toxicology reports and testing" records of the complaining witness in the underlying case. Defendant asserts that the requested records are relevant because the complaining witness "is the only eyewitness to the incident" forming the basis of the underlying prosecution. *See* Def.'s Mot. at 1. Pretrial Services removed the subpoena action to this Court on October 22, 2024, pursuant to 28 U.S.C. § 1442(a)(1). *See* Notice of Removal at 2. Defendant then filed his Motion to Remand, or in the Alternative, to Enforce the Subpoena, in accordance with the briefing schedule entered in this matter.

---

[1]      Judge Contreras is currently confronting near identical issues in another pending subpoena matter, *In re Subpoena Issued to FBI*, Misc. No. 24-2956 (RC) (D.D.C.).

**ARGUMENT**

I.    **Defendant's Motion Fails in the Face of Overwhelming Authority Holding that Federal Agencies Are Immune from State Court Subpoenas.**

Defendant's motion to remand or enforce the subpoena should be denied, and Pretrial Services' motion to quash granted, because there is simply no question that Pretrial Services is immune from state court subpoenas such as the subpoena issued in the Underlying Case. "In state court the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena." *Houston Bus. J. v. Off. of the Comptroller of the Currency*, 86 F.3d 1208, 1211–12 (D.C. Cir. 1996). "It is settled beyond all question that the sovereign immunity of the United States precludes a state court from enforcing a subpoena or a subpoena duces tecum issued by a state court and served on a non-party federal government agency." *Longtin v. Dep't of Just.*, Civ. A. No. 06-1302 (JMF), 2006 WL 2223999, at *2 (D.D.C. Aug. 3, 2006); *see also Est. of Pal v. Barcode Corp.*, Misc. No. 19-0109 (CKK), 2019 WL 4709902, at *2 (D.D.C. Sept. 26, 2019) (state court subpoena to federal agency could not be enforced; collecting cases); *Santini v. Herman*, 456 F. Supp. 2d 69, 71 (D.D.C. 2006) ("a court cannot enforce a subpoena against a federal agency employee when the agency has enacted valid *Touhy* regulations").

Against this clear and unequivocal principle of sovereign immunity, Defendant's motion to remand or enforce the subpoena must fail. A remand of the subpoena would be pointless, as the D.C. Superior Court could not enforce the subpoena against Pretrial Services. Enforcement in this Court suffers the same fate, as the subpoena was issued in a state-court proceeding, and Defendant must therefore comply with Pretrial Services' *Touhy* regulations in seeking the release of records from Pretrial Services. *See Est. of Pal*, 2019 WL 4709902, at *1 (collecting cases).

Defendant asserts that Pretrial Services waived its sovereign immunity because Pretrial Services "is an independent agency within the Court Services and Offender Supervision Agency.

. . that was specifically created to supervise individuals accused or convicted of D.C. Code [o]ffenses in the District [of Columbia]." Def.'s Mot. at 2. This argument is meritless. To be clear: the Department does not dispute that the United States must disclose materials in the prosecutor's file when it commences a prosecution in Superior Court in accordance with *Brady, Giglio, Jencks*, and their progeny. But the mere presence of the United States acting through the U.S. Attorney's Office's on the other side of the "v" in the Underlying Case does not waive sovereign immunity in connection with a subpoena issued to a separate government component in a state court proceeding. Indeed, that Pretrial Services aids in the supervision of criminal defendants in the District of Columbia does not waive Pretrial Services' sovereign immunity here. *See, e.g.*, *United States v. Pelullo*, 399 F.3d 197, 218 (3d Cir. 2005) ("that other agents in the [Department of Labor] participated in this investigation does not mean that the entire [Department] is properly considered part of the prosecution team"); *United States v. Casas*, 356 F.3d 104, 116 (1st Cir. 2004) ("The citizenship application was not in the prosecution's files; the prosecution apparently had to get it from another agency not under its supervision in this case."); *United States v. Morris*, 80 F.3d 1151, 1169 (7th Cir. 1996) (*Brady* and its progeny cannot "be read as imposing a duty on the prosecutor's office to learn of information possessed by other government agencies that have no involvement in the investigation or prosecution at issue"). Here, Pretrial Services is a neutral third-party, not a "party" for purposes of discovery in the Underlying Case. The procedure utilized by Defendant—serving a *third-party* subpoena on Pretrial Services rather than moving to compel disclosure under criminal rules of procedure—underscores that Defendant well understands that he seeks records from Pretrial Services as a non-party in the Underlying Case.

The waiver cases Defendant relies upon miss the mark entirely. *Guaranty Tr. Co. v. United States*, 304 U.S. 126 (1938), involved a waiver of foreign sovereign immunity, *see id.* at 129. No

- 4 -

foreign party is implicated here, and in any event, "[i]t is well-settled that only Congress can waive federal sovereign immunity, and it must do so expressly." *United States v. Fears*, 789 F. Supp. 2d 166, 169 (D.D.C. 2011), *vacated as moot*, 2011 WL 7054090 (D.D.C. Nov. 1, 2011). As then District Judge Wilkins explained, "[t]his Court is not persuaded that the United States has waived its sovereign immunity in this case. [Defendant] cites no cases—and this Court knows of none—in which the United States was found to have waived its sovereign immunity merely by bringing a criminal prosecution against a defendant." *Fears*, 789 F. Supp. 2d at 169. No such authority exists, Defendant has not cited to any such express waiver, and the Court should so hold here.

*El Badrawi v. Department of Homeland Security*, 579 F. Supp. 2d 249 (D. Conn. 2008), did not involve a state court subpoena at all. The issue of sovereign immunity in that case arose because the plaintiff sought, among other relief, an order compelling various federal agencies to expunge certain inaccurate records. *Id.* at 279. While the court recognized prior cases in which it used its inherent authority to expunge criminal records in criminal matters initiated by the United States, *id.* at 280, the court in *El Badrawi* did not hold that the United States' sovereign immunity is waived in the manner Defendant asserts merely by prosecuting a criminal case against a criminal defendant, *see id.* The court's observations in *El Badrawi* therefore have no bearing whatsoever on the state court subpoena at issue before the Court here. The remaining cases cited by Defendant suffer the same fatal flaw, to wit: none of the authority Defendant relies on identifies an express waiver of sovereign immunity permitting a state court subpoena to be enforced against a federal agency. *See* Def.'s Mot. at 5–8 (citing cases). For these reasons, the Court should deny Defendant's motion to remand or enforce the subpoena and grant the Pretrial Services' motion to quash the subpoena in its entirety.

**II.** **The APA Does Not Waive Pretrial Services' Sovereign Immunity With Respect to Defendant's Subpoena.**

Defendant asserts that the Administrative Procedure Act's ("APA's") waiver of sovereign immunity applies to require Pretrial Services to comply with the subpoena. Def.'s Mot. at 10–11. Defendant is mistaken. That is, this is not a case where Defendant commenced a civil suit against the United States pleading that the government's refusal to produce records was arbitrary or capricious—the manner in which a civil action brought under the APA or any other statute is initiated. Fed. R. Civ. P. 2, 3. Defendant seeks to enforce a D.C. Superior Court subpoena.

Moreover, the APA does not constitute a waiver of sovereign immunity allowing a federal agency to be sued in D.C. Superior Court. This is apparent on the face of the APA and in its purpose. The APA is clear that by referring to "courts of the United States," the statute means those courts that are party of the authority of the Government of the United States, not local District of Columbia courts. 5 U.S.C. § 701(b). The Court need look no further than the text itself. But in addition, the purpose of the APA is to make federal final agency decisions reviewable in federal court, not to subject the federal government to local authorities and abrogate federalism. *See* H.R. Rep. 94-1656, at 11, 1976 U.S.C.C.A.N. 6121, 6131 (Sept. 22, 1976) ("The consent to suit is also limited to claims in courts of the United States; hence, the United States remains immune from suit in state courts."). This is a fundamental tenet dating back literal centuries. *See McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 430 (1819) ("The attempt to use [the power of a state] on the means employed by the government of the Union, in pursuance of the constitution, is itself an abuse, because it is the usurpation of a power which the people of a single state cannot give.").

Defendant has not cited to a single case holding that the United States has waived its sovereign immunity to be sued under the APA in District of Columbia local courts. Indeed, the weight of authority recognizes that state courts are not a venue for APA litigation. *See Fed. Nat.*

*Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 193 (6th Cir. 1989) ("If Congress had intended the state courts to be proper fora for suits seeking judicial review under the APA Congress would have waived sovereign immunity for suits in state courts as well. By refusing to waive sovereign immunity for APA actions in the state courts Congress has implicitly vested exclusive jurisdiction over these actions in the federal courts."); *Aminoil U.S.A., Inc. v. Cal. State Water Res. Control Bd.*, 674 F.2d 1227, 1236 (9th Cir. 1982) (APA suit "must be initiated in federal court"). The Court should therefore reject Defendant's attempt to shoehorn this state court subpoena matter under the rubric of an APA claim to avoid Pretrial Services' immunity.

III.    **Defendant Should Not Be Permitted to Avoid His Obligations Under *Touhy*.**

Defendant's third-party subpoena issued by the D.C. Superior Court to Pretrial Services must comply with *Touhy* and applicable regulations governing the disclosure of official information in federal and state court proceedings. Defendant's due process rights are not "assailed" by requiring him to comply with the proper procedure to request internal agency records in a court proceeding in which Pretrial Services is not a party. *See Touhy*, 340 U.S. 462; 28 C.F.R. Part 1802. Yes, there is a process, but the existence of a mandated procedure does not abridge Defendant's constitutional right to defend himself in the Underlying Case.

As stated above, Defendant must comply with a federal agency's *Touhy* regulations in the circumstances present her. *Est. of Pal*, 2019 WL 4709902, at *1 (state court subpoena to federal agency could not be enforced; collecting cases); *Santini*, 456 F. Supp. 2d at 71 ("a court cannot enforce a subpoena against a federal agency employee when the agency has enacted valid *Touhy* regulations"). If Defendant is dissatisfied with Pretrial Services' response, having complied with *Touhy* regulations, the "state court litigant's only recourse from a federal agency's refusal to comply with a state court subpoena is to bring an [APA] claim—necessarily governed by the APA arbitrary and capricious standard—against the agency in federal court." *Watts v. SEC*, 482 F.3d

501, 509 (D.C. Cir. 2007). This is consistent with its approach in similar cases, and the great weight of authority has held that a requesting defendant must comply with those procedures to obtain information from the government outside of the prosecutor's file. *See, e.g., United States v. Springer*, 444 F. App'x 256, 263 (10th Cir. 2011) ("defendants advance no argument why Touhy should not bar their subpoena requests"); *United States v. Bizzard*, 674 F.2d 1382, 1387 (11th Cir. 1982) (quashing third-party subpoena of former Justice Department employee for failing to comply with *Touhy*); *United States v. Marino*, 658 F.2d 1120, 1125 (6th Cir. 1981) ("The Department of Justice has a legitimate interest in regulating access to government information contained in its files or obtained by its employees during the scope of their official duties. Without a procedure governing demands by potential litigants, the efficiency of the Department could be greatly impaired.").

The Court should not permit Defendant to use the expedient of a state court subpoena to circumvent Pretrial Services' established procedures by enforcing that subpoena here or remanding the subpoena for enforcement in the District of Columbia Superior Court. Under *Watts*, the subpoena cannot be enforced on its own terms and should be quashed for that reason. The Court should therefore deny Defendant's motion and grant Pretrial Services' motion to quash.

\*   \*   \*

- 8 -

## CONCLUSION

For these reasons, Pretrial Services respectfully requests that the Court deny Defendant's motion to remand or enforce the subpoena and grant Pretrial Services' motion to quash. A proposed order is submitted herewith.

Dated: January 13, 2025                Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:            */s/ Tabitha Bartholomew*
       TABITHA BARTHOLOMEW,
          D.C. Bar #1044448
       Assistant United States Attorney
       601 D Street, NW
       Washington, DC 20530
       (202) 252-2529
       Tabitha.Bartholomew@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*In re Subpoena Issued to:*

PRETRIAL SERVICES AGENCY FOR THE
DISTRICT OF COLUMBIA,

*In the Criminal Matter of:*

UNITED STATES OF AMERICA

v.

KENNETH SANDERS,

Defendant.

Misc. No. 24-0142 (TJK)

*on removal from*
No. 2021 CF3 003737 (D.C. Super. Ct.)

## **[PROPOSED] ORDER**

UPON CONSIDERATION of Kenneth Sanders' Motion to Remand, or in the Alternative, Enforce Subpoena, the Cross-Motion to Quash filed by the Pretrial Services Agency for the District of Columbia, and the entire record herein, it is hereby

ORDERED that Pretrial Services' motion to quash the subpoena is GRANTED,

ORDERED that the subpoena at issue in this matter is QUASHED; and it is further

ORDERED that Kenneth Sanders' motion to remand, or in the alternative, to enforce the subpoena is DENIED in its entirety.

SO ORDERED:

_____
Date

_____
TIMOTHY J. KELLY
United States District Judge