UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re Subpoena Issued to:*<br><br>PRETRIAL SERVICES AGENCY FOR THE DISTRICT OF COLUMBIA,<br><br>*In the Criminal Matter of:*<br><br>UNITED STATES OF AMERICA<br><br>     v.<br><br>KENNETH SANDERS,<br><br>          Defendant. | Misc. No. 24-0142 (TJK)<br><br>*on removal from*<br>No. 2021 CF3 003737 (D.C. Super. Ct.) |

**PRETRIAL SERVICES AGENCY'S REPLY IN SUPPORT OF**
<u>**MOTION TO QUASH**</u>

1

## TABLE OF CONTENTS

ARGUMENT ........................................................................................................................... 3

    I.    The Superior Court Lacks Authority to Compel Non-Party Pretrial Services to Comply with the Subpoena. ................................................................................................................. 3

        A.    The Superior Court is a Local, Not Federal, Court, Barred by Sovereign Immunity from Compelling Compliance with the Subpoena. .......................................................................... 3

        B.    Pretrial Services Did Not Initiate the Criminal Proceeding Against Defendant and Therefore Has Not Waived Sovereign Immunity. ................................................................. 4

    II.    The APA Does Not Waive the Pretrial Services' Sovereign Immunity with Respect to the Subpoena. ................................................................................................................................. 5

    III.    Pretrial Services' Properly Relied on Its *Touhy* Regulations. ......................................... 6

CONCLUSION ........................................................................................................................ 8

Petitioner Pretrial Services Agency ("Pretrial Services") respectfully submits this reply in support of its motion to quash subpoena issued by the Superior Court of the District of Columbia *See* Pretrial Services' Motion to Quash ("Mot. to Quash"), ECF No. 8. Defendant Kenneth Sanders' arguments in opposition are based almost entirely on the reductive and erroneous notion that by prosecuting a criminal defendant in the Superior Court of the District of Columbia ("Superior Court"), the United States waives its sovereign immunity with respect to any of its agencies, including Pretrial Services, in that local court proceeding. As discussed below, Defendant's contentions lack merit, and the Court should grant the Pretrial Services' motion to quash the subpoena in its entirety

## ARGUMENT

I. **The Superior Court Lacks Authority to Compel Non-Party Pretrial Services to Comply with the Subpoena.**

   A. **The Superior Court is a Local, Not Federal, Court, Barred by Sovereign Immunity from Compelling Compliance with the Subpoena.**

Contrary to Defendant's contention, *see* Def.'s Opp'n at 4–7, the Superior Court is a local court that, due to established principles of sovereign immunity, lacks authority to compel Pretrial Services to comply with the subpoena. As the D.C. Circuit explained in *JMM Corp. v. District of Columbia*, "Congress reorganized the courts of the District of Columbia pursuant to its authority under Article I [] of the Constitution." 378 F.3d 1117, 1123 (D.C. Cir. 2004) (citing, *inter alia*, D.C. Code Ann. § 11–101 (setting forth, and distinguishing between, the judicial power of the federal and local District of Columbia courts). "Congress's intent was to give the District 'a court system comparable to those of the states' . . . particularly with respect to 'the disposition of criminal matters.'" *Id.* at 1123 (quoting H.R. Rep. No. 91-907, at 33. Congress "constituted the [Superior Court] court as a purely local court, similar to a state court." *Id.* "Accordingly, 'both our case law and other federal statutes treat the D.C. courts like state courts,'" *Id.* (quoting *Handy v. Shaw,*

3

*Bransford, Veilleux & Roth*, 325 F.3d 346, 351 (D.C. Cir. 2003)); *see also Madley v. U.S. Parole Comm'n*, 278 F.3d 1306, 1308 (D.C. Cir. 2002) ("Congress has created a trial and appellate court system of general jurisdiction for the District separate from the United States courts . . . and intended to serve the District in much the same manner as the court systems of the various states."). As Defendant readily acknowledges, the "rights of state court defendants sometimes must give way to supremacy and dual sovereignty concerns," Def.'s Opp'n at 7, and this is such a case. Defendant's opposition has not identified a single statute that unequivocally waives Pretrial Services' sovereign immunity with respect to subpoenas issued by the Superior Court, nor could Defendant do so.

To the extent Defendant aims to couch the subpoena in terms of discovery required under Superior Court Rule of Criminal Procedure ("Rule") 16, *see* Def.'s Opp'n at 2, the District of Columbia Court of Appeals has made it clear that Rule 16 applies only to the discovery obligations of the prosecuting authority and the defendant in a criminal proceeding. *In re Herndon*, 596 A.2d 592, 596 (D.C. 1991). As discussed above, Pretrial Services is a non-party to Defendant's case and is therefore not subject to Rule 16's disclosure obligations. Furthermore, Rule 17, "governing the use of subpoenas in criminal cases, does not authorize the production of documents from non-parties for the purpose of discovery." *Id.* (collecting cases). These procedural obligations are entirely inapposite to the question of Pretrial Services' sovereign immunity in this case, and Defendant's contentions in reliance on these rules should be rejected.

> **B.    Pretrial Services Did Not Initiate the Criminal Proceeding Against Defendant and Therefore Has Not Waived Sovereign Immunity.**

Defendant argues that because the criminal charges in the underlying case were brought on behalf of the United States, Pretrial Services has waived any claim to sovereign immunity with respect to the subpoena. *See* Def.'s Opp'n at 7–13; *see also, e.g., id.* at 2, 4, 6, 16 (repeating

4

Defendant's erroneous contention that Pretrial Services is a litigant in the underlying case). This argument is meritless. Pretrial Services is not prosecuting Defendant in the underlying case, nor is it a party to the case. This much is evident in the very issuance of the third-party subpoena at issue here. If Defendant's logic—i.e., that the initiation of a criminal proceeding on behalf of the United States waives the sovereign immunity of every other agency of the United States—then no third-party subpoena would be necessary, and every agency of the United States would be subject to the government's disclosure obligations under the Federal Rules of Criminal Procedure. That assertion is absurd, for the simple fact that not every agency of the United States is authorized to prosecute criminal defendants in the Superior Court. Put differently: not every agency of the United States is authorized to be a litigant in a criminal proceeding in the Superior Court or any other Court. The statutory authority to prosecute the underlying criminal proceeding is vested in the U.S. Attorney, not Pretrial Services. *See* 28 U.S.C. § 547(1), (2); *see also* Super. Ct. R. Crim. Proc. 1(d), and it is the U.S. Attorney that is prosecuting the charges against Defendant, not Pretrial Services. The Court should therefore reject Defendant's contention that the Pretrial Services "initiated" the underlying case and grant the agency's motion to quash.

II.  **The APA Does Not Waive the Pretrial Services' Sovereign Immunity with Respect to the Subpoena.**

Defendant argues that the Court should enforce the subpoena against Pretrial Services because the "[Administrative Procedure Act's ("APA's")] waiver of sovereign immunity 'applies to any suit whether under the APA or not.'" Def.'s Mot. at 14–15. Defendant misapprehends entirely the role played by the APA's waiver of sovereign immunity in a third-party subpoena case. Section 702 of the APA provides that "a person suffering a legal wrong because of agency action . . . is entitled to judicial review thereof." The statute continues to state: "An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or

5

an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein denied on the ground that it is against the United States . . . ." *Id.* And as the D.C. Circuit in *Houston Business Journal, Inc. v. Comptroller of Currency*, 86 F.3d 1208, 1211 (D.C. Cir. 1996), explained, "a state-court litigant must request the documents from the federal agency pursuant to the agency's regulations . . . . If the agency refuses to produce the requested documents, the sole remedy for the state-court litigant is to file a collateral action in federal court under the APA." *Id.*

This removal action is not such an action, because Defendant has not initiated an APA proceeding against Pretrial Services with respect to the Superior Court subpoena. Section 702's waiver of sovereign immunity is inapplicable here, and Defendant's arguments to the contrary must therefore fail.

**III.   Pretrial Services' Properly Relied on Its *Touhy* Regulations.**

Defendant's efforts discount Pretrial Services' *Touhy* regulations lack merit. *See* Def.'s Opp'n at 15–19. A federal agency is authorized to decide whether to provide records in matters, such as this, in which the government is not a party to the litigation. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); *Boron Oil Co. v. Downie*, 873 F.2d 67, 69–70 (4th Cir. 1989); *In re Sept. 11 Litig.*, 621 F. Supp. 2d 131, 144 (S.D.N.Y. 2009). Pretrial Services, and all of its employees, are prohibited from producing documents or information, even in response to a subpoena, without prior approval of the responsible agency official. *See* 28 C.F.R. § 802.27(a). Such a policy ensures the orderly execution of Pretrial Services' mission and programs while not impeding any proceeding inappropriately. *See COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 278 (4th Cir. 1999) (finding that "[w]hen an agency is not a party to an action, its choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources."). Pretrial Services' *Touhy* regulations require agency officials to consider

6

several factors, in determining whether disclosure is appropriate pursuant to a third-party subpoena, including as relevant here, protecting confidential, sensitive information (i.e., the medical treatment records of the subject of the subpoena). *See* 28 C.F.R. § 802.27(a)(6).

*Watts v. SEC*, 482 F.3d 501 (D.C. Cir. 2007), which Plaintiff relies on, Def.'s Mot. at 15, does nothing to further Defendant's contention that the Court should brush aside the Pretrial Services' obligations under its *Touhy* regulations. While *Touhy* regulations "do not relieve district courts of the responsibility to analyze privilege or undue burden assertions under [Federal Rule of Civil Procedure] 45, the court's role includes assessing "any opposition to the subpoena [based on] an independent source of law such as a governmental privilege or rules of evidence or procedure." *Id.* at 509 (quoting 9 James Wm. Moore et al., Moore's Federal Practice § 45.05[1][b] (3d ed. 2006)). As a threshold matter, the Court is not here presented with a subpoena issued by a federal court pursuant to Federal Rule of Civil Procedure 45. And more to the point, Pretrial Services has raised an independent legal basis for opposing the subpoena—that is, that sovereign immunity bars the Superior Court from compelling Pretrial Services to comply with the subpoena.

\*   \*   \*

## CONCLUSION

For these reasons, and those stated in Pretrial Services' opposition to Plaintiff's motion to remand-or enforce and its cross-motion to quash, the Court should grant Pretrial Services' motion to quash the subpoena.

Dated: February 5, 2025

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:  */s/ Tabitha Bartholomew*
TABITHA BARTHOLOMEW,
  D.C. Bar # 1044448
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2529
Tabitha.Bartholomew@usdoj.gov

*Attorneys for the United States of America*